UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) | Docket No._____ |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | |
| MASSACHUSETTS BOARD OF BAR EXAMINERS, and MARILYN J. WELLINGTON in her individual and professional capacities, | ) ) ) ) ) ) | |
| | ) | **Bench Trial Requested** |
| *Defendants.* | ) ) | |

**VERIFIED COMPLAINT**
**AND REQUEST TO EXPEDITE PURSUANT TO 28 U.S.C. § 1657**

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff"), and complaining of Defendants Massachusetts Board of Bar Examiners (hereinafter, "BBE") and Marilyn J. Wellington (hereinafter, "Wellington") (collectively, "Defendants"), brings this action for declaratory and injunctive relief, together with the appropriate monetary damages.

As and for his Verified Complaint, Plaintiff avers as follows:

**PARTIES**

1. Plaintiff is a natural person and citizen of the Commonwealth of Massachusetts.

2. Defendant Massachusetts Board of Bar Examiners is an entity created by state statute, *viz.* Mass. Gen Laws ch. 221 §§ 35, 36, which evaluates the qualifications of persons seeking admission to the bar of the Commonwealth of Massachusetts. Its principal place of business is located at One Pemberton Square, Suite 5-140, Boston, Massachusetts 02108.

3. Defendant Marilyn J. Wellington is a natural person and citizen of the Commonwealth of Massachusetts. At all times relevant hereto, Wellington served, and continues to serve, as Executive Director of Defendant BBE. Wellington resides at 108 Wilson Road, Nahant, Massachusetts 01908.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has general personal jurisdiction, as each Defendant herein is a citizen of the Commonwealth of Massachusetts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## MATERIAL FACTS

7. On **May 9, 2019**, Plaintiff submitted a petition for admission to the Massachusetts bar.

8. At all times relevant hereto, the said Petition was reviewed by Defendant BBE together with Defendant Wellington herself.

9. On **September 3, 2019**, BBE employee Wadner Oge, Esq. ("Oge") contacted Plaintiff in connection with the BBE's background investigation of Plaintiff. See **EXHIBIT 1**.

10. Specifically, Oge inquired as to the reasons for Plaintiff's transfers between Suffolk University Law School and the University of Miami School of Law. No other questions were posed by Oge, nor did any other BBE employee ever contact Plaintiff with any other inquiries and/or requests for any additional information regarding his pending bar application.

11. Notwithstanding the foregoing, after Plaintiff successfully passed the Massachusetts bar examination in or around February 2020, Defendants BBE and Wellington informed Plaintiff that, although his examination score was sufficient, Defendants would not be recommending Plaintiff for admission to the Massachusetts bar due to certain unspecified "character and fitness concerns" purportedly identified in Plaintiff's application. **EXHIBIT 2.**

12. On April 23, 2020, Defendant Wellington mailed Plaintiff a letter instructing him to personally appear for an "interview before the Board of Bar Examiners." **EXHIBIT 3.**

13. In response thereto, Plaintiff mailed Wellington his response three days later on April 26, 2020. **EXHIBIT 4.**

14. Therein, Plaintiff reasonably and politely requested that Defendants provide him with the following information, as they were required to do:

    (i) The precise nature of the scheduled hearing and/or proceeding before the Board of Bar Examiners;

    (ii) **Whether Plaintiff was entitled to be represented by an attorney;** and

    (iii) The issues, concerns, and/or charges which were the purported basis for these proceedings. Id.

15. Inexplicably, at no time did Defendants ever answer Plaintiff's April 26, 2020 correspondence, nor did they ever answer any of the reasonable and relevant questions posed therein.

16. When Plaintiff later placed a telephone call to Defendant BBE in order to make further direct inquiries, BBE employee Oge unambiguously informed Plaintiff that there was no

need for him to appear with an attorney, as the scheduled May 7, 2020 "interview" was merely "informal."

17. On May 7, 2020, per Defendants' request, Plaintiff personally appeared before Defendants via video conference and *without* counsel being present.

18. To Plaintiff's great surprise, Defendants spent the entirety of the hearing questioning Plaintiff about past and ongoing litigation—without Plaintiff's attorney being present.

19. Defendants specifically demanded that Plaintiff provide an explanation as to why he had brought a civil action against a sitting United States District Judge. Cf. **EXHIBIT 5**.

20. Approximately one week after the aforesaid hearing, Plaintiff received a letter from Defendant Wellington dated May 14, 2020 informing him that he is not entitled to practice law in the Commonwealth of Massachusetts, and for an unspecified, indeterminate amount of time. **EXHIBIT 6**.

21. Defendants Wellington's letter further stated that Defendants had retained "Holland & Knight LLP[] as Special Counsel to conduct a formal investigation [ . . . . ]" Id. at ¶ 1.

22. The stated purpose of this "investigation," as Holland & Knight LLP subsequently explained, was Plaintiff's past and ongoing litigation. **EXHIBIT 7**.

23. Making matters worse, Miami-based law firm Holland & Knight LLP currently has ongoing litigation before Moreno in the Southern District of Florida, and has hired many of Moreno's former law clerks.

24. When these serious conflicts of interest were brought to Defendants' attention, Defendants inexplicably continued to engage Holland & Knight LLP in order to "investigate" Plaintiff's litigation. Cf. **EXHIBIT 8**.

4

25. Further evidencing the fact that Defendants have acted with a *mala fide* purpose at all times relevant hereto, Plaintiff's petition for admission to the Massachusetts bar was timely filed on **May 9, 2019**. It was not until over one (1) entire year later, on **May 14, 2020**, that Defendants belatedly opted to finally inform Plaintiff that they were then in the process of initiating an "investigation" into Plaintiff's "litigation"—*i.e.*, a constitutionally-protected activity—and that they intended to do so for an indeterminate period of time.

26. Further evidencing the fact that Defendants have acted with a *mala fide* purpose at all times relevant hereto, notwithstanding the fact that Plaintiff's petition for admission was filed on **May 9, 2019**, even as of the time of writing, Defendants have unlawfully deprived Plaintiff of a **timely** "due process" hearing in violation of the holding of the Supreme Court of the United States in Willner v. Comm. on Character & Fitness, 373 U.S. 96 (1963).

27. Sadly, this is not the first time that Defendants have conducted such multi-year "investigations." See, e.g., In re Application for Admission to the Bar, 444 Mass. 393 (2005) (where the BBE investigated an applicant for a prolonged **seven (7) year** period); Britton v. Bd. of Bar Exam'rs, 471 Mass. 1015 (2015) (where the applicant applied for admission to the Massachusetts bar in 2006, yet judicial review was not conducted until **nine (9) years** later in 2015).

28. Such multi-year, prolonged delays do not comport with the holding of the Supreme Court of the United States in Willner v. Comm. on Character & Fitness, 373 U.S. 96 (1963), wherein the Court held that *all* petitions for bar admission must comport with procedural and substantive due process within the meaning of the Fourteenth Amendment. **This**

**includes, without limitation, the constitutional right to a *timely* "due process" hearing.**

29. What is more, Defendants improperly failed to inform Plaintiff of his right to counsel throughout these entire proceedings.

30. In addition to the foregoing constitutional violations, and notwithstanding their vague allusions to "certain lawsuits," Defendants also failed to provide Plaintiff written notice setting forth the *precise*, specific reasons for denying Plaintiff admission to the Massachusetts bar. See, e.g., In re Berkan, 648 F.2d 1386 (1st Cir. 1981).

## COUNT I
## 42 U.S.C. § 1983
## (against all Defendants)

31. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporates them by reference as if fully restated herein.

32. At all times relevant hereto, Defendants acted, and continue to act, under color of state law.

33. Plaintiff is a "citizen of the United States" and a "person" eligible for the protection of 42 U.S.C. § 1983.

34. Plaintiff has a private right of action against Defendants pursuant to 42 U.S.C. § 1983.

35. At all times relevant hereto, Defendants impermissibly sought to retaliate and discriminate against Plaintiff for having filed a lawsuit—a constitutionally-privileged activity.

36. As the Supreme Court of the United States held in Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 741 (1983), **the First Amendment "guarantees the fundamental right to file a lawsuit."**

37. **"Retaliation by the government that is motivated, at least in part, by a lawsuit or constitutionally-protected speech may violate the First Amendment and support an action under 42 U.S.C. § 1983."** Campagna v. Mass. Dep't of Envtl. Prot., 206 F. Supp. 2d. 120, 124 (D. Mass. 2002).

38. The Supreme Court of the United States has consistently held that these First Amendment protections specifically apply in the context of bar petitions. See, e.g., Baird v. State Bar of Ariz., 401 U.S. 1 (1971).

39. As attorneys themselves, Defendants had actual knowledge that they were violating a "clearly established constitutional right." These rights include, without limitation: (1) Plaintiff's right, protections, and privileges pursuant to the First Amendment of the United States Constitution, to wit, the Petition Clause; (2) Plaintiff's right to procedural and substantive due process vis-à-vis admission to the Massachusetts bar (including, but not limited to, *timely* investigations which are not for an indeterminate period of time, and written notice of the specific reasons for any delays); and (3) Plaintiff's "property interest" in the license to practice law to which he is entitled, together with all constitutional rights thereunder.

40. Because Defendants intended and knew that they were violating a "clearly established constitutional right," Defendants did not act under the cloak of any immunity, including, without limitation, absolute and qualified immunity.

41. Because Defendants knowingly and deliberately violated Plaintiff's constitutional rights through the above-mentioned acts and omissions, Plaintiff is entitled to monetary and equitable relief pursuant to 42 U.S.C. § 1983.

## COUNT II
## 42 U.S.C. § 1985(3)
### (against all Defendants)

42. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporates them by reference as if fully restated herein.

43. At all times relevant hereto, Defendants acted, and continue to act, under color of state law.

44. Plaintiff is a "citizen of the United States" and a "person" eligible for the protection of 42 U.S.C. § 1985(3).

45. Plaintiff has a private right of action against Defendants pursuant to 42 U.S.C. § 1985(3).

46. Acting individually and through their agents, Defendants knowingly and deliberately conspired to deprive Plaintiff of the "equal protection of the laws" and his rights under the United States Constitution.

47. As attorneys themselves, Defendants had actual knowledge that they were violating a "clearly established constitutional right." These rights include, without limitation: (1) Plaintiff's right, protections, and privileges pursuant to the First Amendment of the United States Constitution, to wit, the Petition Clause; (2) Plaintiff's right to procedural and substantive due process vis-à-vis admission to the Massachusetts bar (including, but not limited to, *timely* investigations which are not for an indeterminate period of time, and written notice of the specific reasons for any delays); and (3) Plaintiff's "property interest" in the license to practice law to which he is entitled, together with all constitutional rights thereunder.

8

48. Defendants entered into an agreement and/or understanding to unlawfully retaliate against Plaintiff for having filed a lawsuit against a sitting United States District Judge—a constitutionally-protected activity.

49. Each Defendant has committed numerous overt acts in furtherance of the conspiracy, and has knowingly adopted the common goals of the scheme.

50. The common scheme of Defendants was the proximate cause of the significant economic and psychological harm which Plaintiff foreseeably incurred therefrom.

51. Because Defendants knew that they were violating a "clearly established constitutional right," Defendants did not act under the cloak of any immunity, including, without limitation, absolute and qualified immunity.

52. Because Defendants violated Plaintiff's constitutional rights through the above-mentioned acts and omissions, Plaintiff is entitled to monetary and equitable relief under 42 U.S.C. § 1985(3).

## COUNT III
## 42 U.S.C. § 1986
### (against all Defendants)

53. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporate them by reference as if fully restated herein.

54. At all times relevant hereto, Defendants acted, and continue to act, under color of state law.

55. Plaintiff is a "citizen of the United States" and a "person" eligible for the protection of 42 U.S.C. § 1986.

56. Plaintiff has a private right of action against Defendants pursuant to 42 U.S.C. § 1986.

57. 42 U.S.C. § 1986 provides a cause of action against anyone who, having knowledge that any of the wrongs in § 1985 that are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.

58. Defendants knew of the conspiracy to deprive Plaintiff of his constitutional rights within the meaning of 42 U.S.C. § 1985(3).

59. Because Defendants knew of the § 1985 conspiracy, and because Defendants were clearly in a position to prevent or aid in preventing the commission of same, Defendants' failure to do so is actionable under 42 U.S.C. § 1986.

60. As attorneys themselves, Defendants had actual knowledge that they were violating a "clearly established constitutional right." These rights include, without limitation: (1) Plaintiff's right, protections, and privileges pursuant to the First Amendment of the United States Constitution, to wit, the Petition Clause; (2) Plaintiff's right to procedural and substantive due process vis-à-vis admission to the Massachusetts bar (including, but not limited to, *timely* investigations which are not for an indeterminate period of time, and written notice of the specific reasons for any delays); and (3) Plaintiff's "property interest" in the license to practice law to which he is entitled, together with all constitutional rights thereunder.

61. Because Defendants knew that they were violating a "clearly established constitutional right," Defendants did not act under the cloak of any immunity, including, without limitation, absolute and qualified immunity.

62. Because Defendants failed to prevent the said § 1985 conspiracy through the above-mentioned acts and omissions, Plaintiff is entitled to monetary and equitable relief pursuant to 42 U.S.C. § 1986.

## COUNT IV
### Declaratory Judgment Act, 28 U.S.C. § 2201(a)— Violations of the First, Fifth, and Fourteenth Amendments Of the United States Constitution (against all Defendants)

63. Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporate them by reference as if fully restated herein.

64. As further described herein, *ante*, through their acts and omissions Defendants have violated—and unfortunately continue to violate—Plaintiff's rights, protections, and privileges under the First, Fifth, and Fourteenth Amendments of the United States Constitution.

65. *Inter alia*, Defendants' deprivation of a "property interest" of Plaintiff without affording procedural due process is violative of the said Amendments.

66. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Fed. R. Civ. P. 57, this Court is authorized to grant declaratory relief and to declare the acts and omissions of Defendants to be violative of the aforesaid Amendments of the United States Constitution.

67. Plaintiff is entitled to declaratory relief in this action because: (i) the instant matter presents an actual "case or controversy" within the meaning of Article III of the United States Constitution; (ii) the "prudential inquiry" is satisfied, because declaratory relief is plainly warranted under the circumstances; (iii) there is a "substantial controversy" between the Parties hereto; and (iv) Plaintiff has satisfied the standing requirement for declaratory

relief, as Defendants' conduct as set forth herein adversely impacts Plaintiff's legal rights and interests.

## BENCH TRIAL REQUESTED

Plaintiff hereby requests a bench trial on all claims, issues, and questions of fact so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court:

(i) **Expedite this action as permitted pursuant to 28 U.S.C. § 1657;**

(ii) Enter judgment in favor of Plaintiff and against Defendants on all counts herein;

(iii) Issue a mandatory injunction and order permanently barring and enjoining Defendants from *further* engaging in such unlawful conduct;

(iv) Grant declaratory relief against Defendants for all of the unlawful acts and omissions as described herein;

(v) Award Plaintiff all available damages sustained as a result of Defendants' unlawful conduct pursuant to all counts herein, including, but not limited to:

    (a) monetary compensation for unlawfully obstructing Plaintiff from becoming a member of the bar;

    (b) monetary compensation vis-à-vis all lost future earnings and/or future economic benefits;

    (c) monetary compensation for all past losses, together with ongoing losses;

(d) monetary compensation for Plaintiff's loss of professional, social, personal, and academic reputations; and

(e) damages for mental anguish, emotional distress, humiliation, depression, embarrassment, stress, anxiety, loss of self-esteem, loss of self-confidence, loss of personal dignity, emotional pain and suffering, and all other related physical or mental injuries;

(vi) Award consequential damages in an amount to be determined at trial;

(vii) Award expectancy damages in an amount to be determined at trial;

(viii) Award punitive damages against Defendants as permitted under 42 U.S.C. § 1983, *inter alia*, in an amount to be determined at trial;

(ix) Award Plaintiff attorneys' fees, costs, and pre- and post-judgment interest; and

(x) Grant such further relief as this Court may deem just and proper.

At Cambridge, Massachusetts,
This 18th Day of July, 2020

Respectfully submitted,

_____
JONATHAN MULLANE
30 Donnell Street
Cambridge, MA 02138
Tel.: (617) 800-6925
j.mullane@icloud.com

## VERIFICATION

COMMONWEALTH OF MASSACHUSETTS,   )   ss.
COUNTY OF MIDDLESEX.             )

    I, JONATHAN MULLANE, under oath, do hereby affirm and state that I have reviewed the within filing, and, based upon my own personal knowledge, hereby verify and affirm that the allegations contained therein are true and accurate, and hereby certify that no material facts have been omitted therefrom.
    SUBSCRIBED AND SWORN TO under the pains and penalties of perjury under the laws of the United States of America this 18th Day of July, 2020.

                                                                         JONATHAN MULLANE