UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) | Docket No. 1:20-CV-11382-DJC |
| *Plaintiff,* | ) | |
| v. | ) | |
| MASSACHUSETTS BOARD OF BAR EXAMINERS, MARILYN J. WELLINGTON, and DOES 1 through 10, inclusive, in their individual and professional capacities, | ) | |
| *Defendants.* | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiff Jonathan Mullane in the above-entitled action respectfully submits the instant Notice of Supplemental Authorities[1] to inform this Court of the following authorities in connection with the pending Motion to Dismiss of Defendants Massachusetts Board of Bar Examiners and Marilyn J. Wellington [D.E. 22-23]:

1. Godoy v. Office of Bar Admissions, 2006 U.S. Dist. LEXIS 110312, at *5-6 (N.D. Ga. 2006) (**"Defendants' [*Younger*] abstention argument is likewise unavailing. To be sure, this Court is reluctant to insert itself into a state's resolution of matters affecting membership in its bar. That said, to the extent Plaintiff challenges the constitutionality of the general rules and policies of the Fitness Board, as opposed to its processing of his particular application, precedent persuades the Court that comity poses no bar to the resolution of Plaintiff's challenge."** (Internal citations omitted)).

---

[1] Notices of supplemental authority are routinely used to advise or inform courts of judicial opinions or orders, or other authorities such as statutes or regulations, believed to be relevant to a proceeding in litigation. See, e.g., Cobell v. Secretary of the Interior, 1:96-CV-01285 (D.D.C. 2003); Independent Petrochemical COT v. Aetna Cas. and Sur. Co., 842 F. Supp. 575, 582 (D.D.C. 1994) (citation to Eighth Circuit opinion in further support of a summary judgment motion).

2. <u>Brooks-Albrechtsen</u> v. <u>Individual Members of the Ind. State Bd. of Law Exam'rs</u>, 2017 U.S. Dist. LEXIS 5271, at *17 (S.D. Ind. Jan. 13, 2017) (the plaintiff's constitutional claims in federal court were *not* subject to <u>Younger</u> abstention because his bar application only pertained to the question of his suitability for admission to the state bar; **the plaintiff's constitutional challenges to the bar application procedural rules in the parallel federal court action were "not related to the ongoing state proceeding and thus, are *not* subject to <u>Younger</u> abstention or the <u>Rooker-Feldman</u> doctrine."**).

3. <u>Doe</u> v. <u>Individual Members of the Ind. State Bd. of Law Exam'rs</u>, 2009 U.S. Dist. LEXIS 115416 (S.D. Ind. Dec. 8, 2009) (in an action seeking an injunction to prevent the state's Board of Law Examiners "from asking the Plaintiffs about their mental health diagnoses or treatment" in connection with Jane Doe's pending application for admission to the state bar, <u>Younger</u> abstention was unauthorized and unavailable).

4. <u>Sprint Communications, Inc.</u> v. <u>Jacobs</u>, 571 U.S. 69 (2013) (holding that <u>Younger</u> abstention is *not* authorized simply because a pending state court proceeding involves the same subject matter; the state-court proceeding must also be "**coercive**" and, almost always, "**state-initiated**" in order for <u>Younger</u> abstention to apply).

5. <u>Guillemard-Ginorio</u> v. <u>Contreras-Gómez</u>, 585 F. 3d 508, 522 (1st Cir. 2009) ("[P]roceedings must be coercive, and in most cases, state initiated, in order to warrant abstention.").[2]

6. <u>District of Columbia Court of Appeals</u> v. <u>Feldman</u>, 460 U.S. 462, 487 (1983) (federal court subject-matter jurisdiction exists over general constitutional attack to the rules governing bar admission because such claims "do not require review of a [state court] judicial decision").

---

[2] Unlike state bar *disciplinary* proceedings against licensed attorneys—*i.e.*, "coercive" proceedings initiated by the state bar—there is nothing "coercive" about Plaintiff's petition for admittance to the Massachusetts Bar. Defendants' contention that is an "important state interest" in state bar admission proceedings is therefore immaterial and irrelevant. The Supreme Court of the United States is "crystal clear" on this particular issue: for <u>Younger</u> abstention to apply, the state proceeding must *also* be "coercive," and almost always, "state initiated." <u>Sprint Communs., Inc.</u> v. <u>Jacobs</u>, 571 U.S. 69 (2013). In the instant matter, not only did the state *not* initiate Plaintiff's petition for admittance to the bar, there is nothing remotely "coercive" about such a proceeding (which Plaintiff himself voluntarily and freely initiated, and can withdraw at any time).

| | |
|---|---|
| At Cambridge, Massachusetts,<br>This 28th Day of February, 2021 | Respectfully submitted,<br><br>/s/ Jonathan Mullane<br>JONATHAN MULLANE<br>30 Donnell Street<br>Cambridge, MA 02138<br>Tel.: (617) 800-6925<br>j.mullane@icloud.com |

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:  February 28, 2021      /s/ Jonathan Mullane
                    JONATHAN MULLANE