UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JONATHAN MULLANE,

                    Plaintiff,

            v.

MASSACHUSETTS BOARD OF BAR
EXAMINERS, MARILYN J. WELLINGTON, and
DOES 1 through 10, inclusive, in their individual
and professional capacities,

                    Defendants.

CIVIL ACTION
NO. 1:20-cv-11382-DJC

**DEFENDANTS MASSACHUSETTS BOARD OF BAR EXAMINERS
AND MARILYN J. WELLINGTON'S
OPPOSITION TO PLAINTIFF'S RENEWED MOTION
FOR EXPEDITED DISCOVERY**

The Court should deny the plaintiff's renewed motion for expedited for the same reasons

it denied his original motion for expedited discovery.  Consistent with Supreme Court and First

Circuit precedent, discovery should not proceed until the legal issues concerning the defendants'

immunity from suit are resolved.  The Court should additionally deny the plaintiff's motion

because he again failed to comply with L.R. 37.1, and because he seeks unspecified and

potentially broad information that is likely privileged under Massachusetts law.

**Procedural History**

Plaintiff filed his original complaint on July 23, 2020, and an amended complaint on

August 21, 2020.  On August 26, 2020, plaintiff filed his original motion for expedited

discovery.  Docket no. 17.  Defendants opposed the motion September 9, 2020, arguing that they

anticipated filing a motion to dismiss based on some combination of sovereign immunity,

absolute immunity, and qualified immunity, and that the issues concerning defendants' immunity

from suit should be resolved before discovery should proceed.  Docket no. 18.  Defendants also

argued that plaintiff failed to comply with L.R. 37.1, and that plaintiff was seeking unspecified

and potentially broad information that is likely privileged under Massachusetts law.  *Id.*  The

Court denied plaintiff's motion on October 2, 2020.  Docket no. 22.

Defendants filed their motion to dismiss and supporting memorandum on October 5,

2020.  Docket nos. 23-24.  The motion raised issues of sovereign immunity, *Younger* abstention,

and absolute immunity.  *Id.*  The motion was heard on February 25, 2021.  Docket no. 32.

## **Argument**

The only difference between plaintiff's original motion and his renewed motion is that at

the time of plaintiff's original motion, defendants anticipated filing a motion to dismiss, whereas

now they have done so.  As before, there remain important issues of sovereign immunity,

absolute immunity and abstention that should be resolved before permitting discovery in this

case.  Without asking the Court to prejudge defendants' motion, it is sufficient to state that the

motion raises at least a serious question about whether the current defendants, and any other

board members or employees plaintiff has yet to identify, are immune from the plaintiff's

lawsuit.  This Court should resolve the threshold questions of immunity before permitting

discovery.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  "Immunity-related issues, the

[Supreme] Court has several times instructed, should be decided at the earliest opportunity."

*Osborn v. Haley*, 549 U.S. 225, 253 (2007).  Immunity from suit includes protection from the

burdens of discovery.  *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Hegarty v. Somerset County*,

25 F.3d 17, 18 (1st Cir. 1994).  In the event the Court rules that immunity does not apply with

respect to any defendant, that defendant has the option of taking an immediate appeal on the

issue, *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143,

147 (1993), during which discovery should also be stayed until the question of immunity is

2

resolved.  *Hegarty*, 25 F.3d at 18.  This Court should deny the plaintiff's motion, as it seeks

relief contrary to these and other Supreme Court and First Circuit holdings.  No discovery should

take place until the immunity issues in this case have been resolved.

The Court should also deny plaintiff's motion because, as with his original motion, he

failed to comply with Local Rule 37.1, and his motion includes no certification claiming that he

complied.  According to plaintiff's L.R. 7.1 certification, he contacted counsel electronically

about this issue by email on February 1 and defense counsel did not give his assent to the

motion.  Plaintiff does not claim that any discovery conference was requested or held, or that

defendants failed to respond to a request for a discovery conference within the required

timeframe.  L.R. 37.1 governs discovery disputes, including this motion to for expedited

discovery.  It requires counsel to confer, either in-person or by telephone, to narrow areas of

disagreement to the fullest possible extent before filing any discovery motion.  L.R. 37.1(a).  If

counsel does not respond to a request for a discovery conference within seven days, or fails to

attend a discovery conference within fourteen days, then a dissatisfied party may file a motion.

L.R. 37.1(b).  Plaintiff's certification states noncompliance with L.R. 37.1(b), as he does not

claim that he requested a discovery conference, or that one was held.  Failure to comply with

L.R. 37.1 is grounds for denial of plaintiff's motion.  L.R. 26.2(c); *see Hasbro, Inc. v. Serafino*,

168 F.R.D. 99, 101 (D.Mass. 1996).

The plaintiff's current motion does not identify any discovery requests or say anything

about the scope of discovery he is seeking on an expedited basis.  The scope of plaintiff's

expedited discovery as described in his original motion, however, is potentially quite broad, as a

request for discovery on the issue of "[t]he extent of defendants' ongoing interference with the

federal proceedings referenced in the operative complaint [EFC 16] and the appended exhibits

thereto[,]" Docket no. 17, could be construed to cover the entirety of potential discovery on the issue of liability.

The discovery also likely includes matters that are privileged. SJC Rule 3:01, § 9.2 provides that "[r]ecords, statements of opinion and other information regarding a petitioner for admission to the bar communicated by any entity, including any person, firm, or institution, without malice, to the Board of Bar Examiners, or to its members, employees or agents are privileged, and civil suits predicated thereon may not be instituted." Serious privilege issues are typically not conducive to conducting discovery in an expedited manner. To avoid addressing these potentially-burdensome scope and privilege issues unnecessarily, the Court should instead wait until any immunity issues are resolved before permitting discovery to proceed.

### Conclusion

For the foregoing reasons, plaintiff's motion for expedited discovery should be denied.

MASSACHUSETTS BOARD OF BAR EXAMINERS
and MARILYN J. WELLINGTON

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Daniel G. Cromack
Daniel G. Cromack, BBO#652252
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
617-963-2573
daniel.cromack@mass.gov

June 24, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronic copies will be sent by electronic mail on June 24, 2021 to any non-registered participants.


/s/ Daniel G. Cromack_____
Daniel G. Cromack
Assistant Attorney General